UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:

CHRISTOPHER L. SCHREIBER          NO. 18-16086 JKF
                                  CHAPTER 7

## LEASE ASSUMPTION AGREEMENT RE: LEASE DATED DECEMBER 5, 2016, FOR A 2017 FORD ESCAPE MOTOR VEHICLE

I/We agree to assume the Lease Agreement ("Lease"), described below (See Description of Lease), with **CAB EAST, LLC/Ford Motor Credit Company** ("Lessor") pursuant to 11 U.S.C. §365(p) and agree to make the monthly payments listed below (See Payments Due Under Lease) as required under the Lease. A COPY OF THE LEASE IS ATTACHED AND INCORPORATED BY REFERENCE. I/We further agree to be bound by all the terms and conditions of the Lease including but not limited to any and all liability for excess mileage, excess wear and use, and any other amounts required by the Lease. **I/We agree that any protections afforded under 11 U.S.C. §524(a) do not apply to this Lease.**

### Description of Lease

Lease Date **DECEMBER 5, 2016**       Vehicle Description: **2017 FORD ESCAPE**

Account No.: **xxx-9180**    PLEASE WRITE THIS NUMBER ON EACH PAYMENT MADE

### Payments Due Under Lease

The next monthly payment under the Lease is due on **NOVEMBER 4, 2018** and the remaining Lease payments are due on the same day of each month thereafter until the Lease terminates on **DECEMBER 5, 2019.** In addition to my normal monthly payments, I agree to cure the default, if any, listed below:

Payments on the Lease **are** in default. The regular monthly payment is **$434.07**

✓  payment is in default for a total default of **$447.06**;

I/We will pay _____ to my normal monthly lease payment to cure the default beginning with the payment due _____.

I/We assume the Lease through this Lease Assumption Agreement. I/We have had the opportunity to discuss this Assumption Agreement with an attorney before signing it.

Lessee (Debtor):                          Co-Lessee (Co-Debtor),
**CHRISTOPHER L. SCHREIBER**

Signature: _/s/ Chr_____             Signature: _____

Date: _11/13/18_                       Date: _____

Accepted by Lessor:
Print Name: CAB EAST, LLC/FORD MOTOR CREDIT COMPANY, LLC

Signature: _/s/_____                 Date: _Nov 15 2018_

IT IS INTENDED THAT THIS AGREEMENT WILL BE FILED WITH THE BANKRUTPCY COURT.

## Lease Mileage Information

| Lessee (and Co-Lessee) - Name and Address (Including County) |
|---|
| CHRISTOPHER SCHREIBER<br>8 WALNUT BROOK DR<br>Flemington, NJ 08822-1533 HUNTERDON |

| Lessor - Name and Address |
|---|
| DFFLM LLC<br>215 HIGHWAY 202<br>FLEMINGTON, NJ 08822 |

| New | Mileage | Year/Make/Model | GVW if truck (lbs.) | Lease Term (mo.) |
|---|---|---|---|---|
| New | 75 | 2017 Ford Escape | | 36 |

| Vehicle ID# |
|---|
| 1FMCU9GD2HUB94206 |

**Mileage Option Selection.** This form is informational and is designed to help clarify one of the many options involved with leasing. You have reviewed all options and determined that the mileage allowance per year checked below best meets your driving needs.

- ☐ 10,500 miles per year
- ☐ 12,000 miles per year
- ☐ 13,500 miles per year
- ☐ 15,000 miles per year
- ☐ 16,500 miles per year
- ☒ 18,000 miles per year
- ☐ 19,500 miles per year  (Additional miles may have been purchased with this mileage option)

The average miles driven per year on your previous vehicle was _____

Lessee: A _Cri_

Co-Lessee: A  N/A

FC-18064-EL   Apr 11

T138712487-DP138712539 - This copy was created on Tue Dec 06 12:05:41 GMT 2016

---

## COMMONWEALTH OF PENNSYLVANIA
### CERTIFICATE OF TITLE FOR A VEHICLE

461  FUEL TYPE: GASOLINE

1703299990002780-001

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE OF VEHICLE | TITLE NUMBER |
|---|---|---|---|
| 1FMCU9GD2HUB94206 | 2017 | FORD | 77091531201 CA |

| BODY TYPE | CYL | SEAT CAP | PRIOR TITLE STATE | ODOM PROCD DATE | ODOM MILES | ODOM STATUS |
|---|---|---|---|---|---|---|
| SW | 0 | | NJ | 1/27/17 | 002370 | 0 |

| DATE PA TITLED | DATE OF ISSUE | UNLADEN WEIGHT | GVWR | GCWR | TITLE BRANDS |
|---|---|---|---|---|---|
| 1/27/17 | 1/27/17 | | | | |

**ODOMETER STATUS**
0 - ACTUAL MILEAGE
1 - MILEAGE EXCEEDS THE MECHANICAL LIMITS
2 - NOT THE ACTUAL MILEAGE
3 - NOT THE ACTUAL MILEAGE ODOMETER TAMPERING VERIFIED
4 - EXEMPT FROM ODOMETER DISCLOSURE

**TITLE BRANDS**
A - ANTIQUE VEHICLE
C - CLASSIC VEHICLE
E - COLLECTIBLE VEHICLE
F - OUT OF COUNTRY
G - ORIGINALLY USED FOR NON-U.S. DISTRIBUTION
H - AGRICULTURAL VEHICLE
L - LOGGING VEHICLE
P - FORMER POLICE VEHICLE
R - RECONSTRUCTED
S - STREET ROD
T - RECOVERED THEFT VEHICLE
V - VEHICLE CONTAINS REISSUED VIN
W - FLOOD VEHICLE
X - ALWAYS A TAXI

REGISTERED OWNER(S)
CAB EAST LLC
PO BOX 105704
ATLANTA GA 30348

FIRST LIEN FAVOR OF
HTD LEASING LLC

SECOND LIEN FAVOR OF

FIRST LIEN RELEASED _____ DATE _____
BY _____ AUTHORIZED REPRESENTATIVE

SECOND LIEN RELEASED _____ DATE _____
BY _____ AUTHORIZED REPRESENTATIVE

MAILING ADDRESS
HTD LEASING LLC
PO BOX 105704
ATLANTA GA 30348

**pennsylvania**
DEPARTMENT OF TRANSPORTATION

LESLIE S. RICHARDS
Secretary of Transportation

I certify that as of the date of issue, the official records of the Pennsylvania Department of Transportation reflect that the person(s) or company named herein is the lawful owner of the said vehicle.

### D. APPLICATION FOR TITLE AND LIEN INFORMATION

TO BE COMPLETED BY PURCHASER WHEN VEHICLE IS SOLD AND THE APPROPRIATE SECTIONS ON THE REVERSE SIDE OF THIS DOCUMENT ARE COMPLETED IN FULL

SUBSCRIBED AND SWORN TO BEFORE ME    MO.    DAY    YR.

SIGNATURE OF PERSON ADMINISTERING OATH

If a co-purchaser other than your spouse is listed and you want the title to be listed as "Joint Tenants With Right of Survivorship" (on death of one owner, title goes to surviving owner) CHECK HERE ☐. Otherwise, the title will be issued as "Tenants in Common" (on death of one owner, interest of deceased owner goes to his/her heirs or estate).

IF NO LIEN, CHECK [ ]   IS THIS AN ELT? IF YES, FIN REQUIRED) YES [ ] NO [ ]
1ST LIENHOLDER FINANCIAL INSTITUTION NUMBER
1ST LIENHOLDER NAME
STREET
CITY    STATE    ZIP

IF NO 2ND LIEN, CHECK ( )  IS THIS AN ELT? (IF YES, FIN REQUIRED) YES ☐ NO ☐
2ND LIENHOLDER FINANCIAL INSTITUTION NUMBER
2ND LIENHOLDER NAME
STREET
CITY    STATE    ZIP

SIGNATURE OF APPLICANT (OR AUTHORITY) (OWNER)

SIGNATURE OF CO-APPLICANT (TITLE OR AUTHORITY SHOWN)

66362787

**STORE IN A SAFE PLACE - IF LOST APPLY FOR A DUPLICATE - ANY ALTERATION OR ERASURE VOIDS THIS TITLE**

This is a Copy of the Customer Completed signed electronic form held by RouteOne LLC.

# LEASE
## NEW JERSEY MOTOR VEHICLE LEASE AGREEMENT

 FORD CREDIT

www.fordcredit.com
1-800-727-7000

DATE  12/05/2016

**LESSEE** (and Co-Lessee) Name and Address (Including County and Zip Code)

CHRISTOPHER SCHREIBER
8 WALNUT BROOK DR
Flemington, NJ 08822-1533 HUNTERDON

N/A

**LESSOR** (Name, Address, and Phone Number)

DFFLM LLC
215 HIGHWAY 202
FLEMINGTON, NJ 08822
(908) 782-3673

"Finance Company" is Ford Motor Credit Company, The "Holder" is CAB East LLC and its assigns, whose address is P.O. Box 105704; Atlanta, GA 30348-5704. By signing "You" (Lessee and Co-Lessee) agree to lease this Vehicle according to the terms in this lease and the terms of the WearCare Addendum, if any, attached to this lease.

If Your payment schedule is shown in Item 2(a), You entered into a "Monthly Payment Lease."

If Your payment schedule is shown in Item 2(b), You entered into an "Advance Payment Lease."

| New/Used | Mileage at Delivery | Year/Make/Model | Vehicle Identification Number | Vehicle Use |
|---|---|---|---|---|
| New | 75 | 2017 Ford Escape | 1FMCU9GD2HUB94206 | Personal |

| # of Cylinders | Transmission | Brakes | Steering | Air Conditioning | MSRP | Prior Use (If odometer exceeds 1,000 miles) |
|---|---|---|---|---|---|---|
| 4 | Auto | Power | Power | Yes | $ 28,235.00 | N/A |

---

This is a Copy of the Customer Completed signed electronic form held by RouteOne LLC.

| 1. Amount Due At Lease Signing or Delivery (Itemized Below) * | 2. Payments (a) Monthly Payments | 3. Other Charges (not part of Your monthly payment) | 4. Total of Payments (The amount You will have paid by the end of the lease) |
|---|---|---|---|
| | Your first monthly payment of $ 434.07 is due on 12/05/2016, followed by 35 payments of $ 434.07 due on the 4th day of each month. The total of Your monthly payments is $ 15,626.52. | Disposition fee (if You do not purchase the Vehicle) $ N/A | |
| | (b) Advance Payment Your Payment of $ N/A is due on N/A. | N/A  N/A | N/A |
| $ 4,000.00 | The total of Your payment is $ N/A | Total  $ N/A | $ 19,192.45 |

\* Itemization of Amount Due at Lease Signing or Delivery

**5. Amounts Due At Lease Signing or Delivery:**

| | | |
|---|---|---|
| a. Capitalized cost reduction | $ | 3,089.93 |
| b. First monthly payment | | 434.07 |
| c. Advance payment | | N/A |
| d. Refundable security deposit | | N/A |
| e. Title fees | | N/A |
| f. Registration fees | | 89.50 |
| g. Acquisition fee | | N/A |
| h. Documentary Fee | | 379.00 |
| i. NJ Tire Fee | | 7.50 |
| j. N/A | | N/A |
| k. N/A | | N/A |
| l. N/A | | N/A |
| m. N/A | | N/A |
| n. N/A | | N/A |
| o. N/A | | N/A |
| p. N/A | | N/A |
| q. N/A | | N/A |
| r. N/A | | N/A |
| s. N/A | | N/A |
| t. N/A | | N/A |
| Total | $ | 4,000.00 |

**6. How the Amount Due At Lease Signing or Delivery will be paid:**

| | | |
|---|---|---|
| a. Net trade-in allowance | $ | N/A |
| b. Rebates and noncash credits | | 4,000.00 |
| c. Amount to be paid in cash | | N/A |
| d. N/A | | N/A |
| Total | $ | 4,000.00 |

**7. Your payment is determined as shown below:**

a. Gross capitalized cost. The agreed upon value of the Vehicle ($ 29,126.71) and any items You pay over the lease term (such as service contracts, insurance, and any outstanding prior credit or lease balance) (See Item 19)** ............ $ 31,685.85
b. Capitalized cost reduction. The amount of any net trade-in allowance, rebate, noncash credit, or cash that You pay that reduces the gross capitalized cost ................................................................................. - 3,089.93
c. Adjusted capitalized cost. The amount used in calculating Your base payment ............................. = 28,595.92
d. Residual value. The value of the Vehicle at the end of the lease used in calculating Your base payment ........ - 14,117.50
e. Depreciation and any amortized amounts. The amounts charged for the Vehicle's decline in value through normal use and for other items paid over the lease term ............................................................ = 14,478.42
f. Rent charge. The amount charged in addition to the depreciation and any amortized amounts ............ + 1,148.10
g. Total of base payments. The depreciation and any amortized amounts plus the rent charge ............. = 15,626.52
h. Lease payments. The number of payments in Your lease ..................................................... ÷ 36
i. Base payment .................................................................................................... = 434.07
j. Sales / Use tax .................................................................................................. + N/A
k. N/A ............................................................................................................. + N/A
l. N/A ............................................................................................................. + N/A
m. Total payment .................................................................................................. = $ 434.07
n. Lease term in months ........................................................................................... 36

**Early Termination.** You may have to pay a substantial charge if You end this lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the lease is terminated. The earlier You end the lease, the greater this charge is likely to be.

**8. Excess Wear and Use.** You may be charged for excessive wear based on our standards for normal use. At the scheduled end of this lease, unless You purchase the Vehicle, You must pay to Lessor $0.15 per mile for each mile in excess of 54075 miles shown on the odometer. See items 23 and 28 and the WearCare Addendum, if any, attached to this lease for additional excess wear and use terms.

**9. Extra Mileage Option Credit.** At the scheduled end of this lease, You will receive a credit of $0. N/A per unused mile for the number of unused miles between 54075 and 54075 miles, less any amounts You owe under this lease. You will not receive any credit if the Vehicle is destroyed, If You terminate Your lease early, exercise any purchase option, are in default or the credit is less than $1.00.

**10. Purchase Option at End of Lease Term.** $ 14,117.50 plus official fees and taxes, and a reasonable documentary fee if allowed by law, is Your lease end purchase option price. You have the option to purchase the Vehicle at the end of the lease term from a party designated by the Holder for the purchase option price You are not in default.

**11. Other Important Terms.** See Your lease documents for additional information on early termination, purchase option and maintenance responsibilities, warranties, late and default charges, insurance, and any security interests, if applicable.

This is a Copy of the Customer Completed signed electronic form held by RouteOne LLC.

**12. WARRANTY** The Vehicle is covered by any warranty indicated below:

[X] Standard new vehicle warranty provided by the manufacturer or distributor of the Vehicle.

[ ] N/A _____

**13. OFFICIAL FEES AND TAXES** $ 1,344.14

The estimated total amount You will pay for official and license fees, registration, title and taxes over the term of Your lease, whether included with Your monthly payments or assessed otherwise. The actual total of fees and taxes may be higher or lower depending on the tax rates in effect or the value of the leased property at the time a fee or tax is assessed.

**14. VEHICLE INSURANCE MINIMUMS** You must insure the Vehicle during this lease. This insurance must be acceptable to Finance Company and protect You and Holder with (a) comprehensive fire and theft insurance with a **maximum deductible** amount of $1,000; and (b) collision and upset insurance with a **maximum deductible** of $1,000; and (c) automobile liability insurance with **minimum limits** for bodily injury or death of $ 15,000.00 for any one person and $ 30,000.00 for any one accident, and $ 5,000.00 for property damage.

You will list the Holder as additional insured and loss payee under the insurance policy unless Lessor or Finance Company specifies otherwise. You must give Finance Company evidence of this insurance. (See Item 24)

**LESSOR IS NOT PROVIDING VEHICLE OR LIABILITY INSURANCE**

**15. OPTIONAL INSURANCE** These coverages are not required to enter into this lease and will not be provided unless You sign below. If insurance is to be obtained by Lessor, the coverages are shown in a notice given to You this date and are for the term of this lease.

a. Credit Life Insurance: $ N/A (Initial Coverage)    $ N/A (Premium)

_____ N/A _____ (Insured(s))
_____ N/A _____ (Insurance Company)

Lessee: xA  N/A   Co-Lessee: xA  N/A

b. Credit Disability Insurance: $ N/A (Monthly Coverage)    $ N/A (Premium)

_____ N/A _____ (Insured(s))
_____ N/A _____ (Insurance Company)

Lessee: xB  N/A   Co-Lessee: xB  N/A

**16. LATE PAYMENTS** You will pay a late charge on each payment that is not received within 10 days after it is due. The charge is 7.5% of the full amount of the scheduled payment or $50.00 whichever is less.

**17. LESSOR SERVICES** (See Item 22) _____ N/A _____ / _____ N/A _____

**18. TOTAL COST OF THE LEASE** $ 33,309.95 (as defined under New Jersey law)

**19. Itemization of Gross Capitalized Cost**

| Agreed Upon Value of the Vehicle | Sales/Use Tax and Other Applicable Taxes | Title Fees | License and Registration Fees | Extended Warranty and Service Contract | Acquisition Fee | Documentation Fee | |
|---|---|---|---|---|---|---|---|
| $ 29,126.71 | + $ 1,247.14 | + $ N/A | + $ N/A | + $ N/A | + $ 645.00 | + $ N/A | |
| WearCare | N/A | N/A | N/A | N/A | N/A | N/A | |
| + $ 667.00 | + $ N/A | + $ N/A | + $ N/A | + $ N/A | + $ N/A | + $ N/A | |
| N/A | N/A | N/A | N/A | N/A | N/A | N/A | |
| + $ N/A | + $ N/A | + $ N/A | + $ N/A | + $ N/A | + $ N/A | + $ N/A | |
| N/A | N/A | N/A | N/A | N/A | N/A | Total Gross Capitalized Cost | |
| + $ N/A | + $ N/A | + $ N/A | + $ N/A | + $ N/A | + $ N/A | = $ 31,685.85 | |

---

This is a Copy of the Customer Completed signed electronic form held by RouteOne LLC.

## VEHICLE MAINTENANCE, INSURANCE AND USE

**20. VEHICLE USE AND SUBLEASING** You will not use, or permit others to use the Vehicle (a) in violation of any law, (b) contrary to the provisions of any insurance policies covering the Vehicle, (c) outside the state where first titled or registered for more than 30 days without Finance Company's written consent, (d) outside the United States, except for less than 30 days in Canada or Mexico or (e) as a private or public carrier. You will keep this lease and Vehicle free of all liens and encumbrances. You will not assign or sublease any interest in the Vehicle or lease without Finance Company's written consent.

**21. IMPLIED WARRANTIES** If the Vehicle is of a type normally used for personal use and the Lessor, or the Vehicle's manufacturer, extends a written warranty or service contract covering the Vehicle within 90 days from the date of this lease, You get implied warranties of merchantability and fitness for a particular purpose covering the Vehicle. Otherwise, You understand and agree that there are no such implied warranties, except as otherwise required by law.

**22. VEHICLE MAINTENANCE AND OPERATING COSTS** Proper Vehicle maintenance is Your responsibility. You must maintain and service the Vehicle at Your own expense, using materials that meet the manufacturer's specifications. This includes following the owner's manual and maintenance schedule, documenting maintenance performed, and making all needed repairs. You are also responsible for all operating costs such as gas and oil. Lessor will provide the service(s), if any, identified in the Lessor Services section under the terms of a separate agreement. (See Lessor Services, Item 17)

**23. COLLISION REPAIR** You are responsible for repairs of All Damage that is not a result of normal wear and use. These repairs include, but are not limited to, those necessary to return the Vehicle to its pre-accident condition, including repairs to **Exterior Sheet Metal and Plastic Components**, and to **Vehicle Safety Systems**, including air bag, seat belt and bumper system components. Replacement of Sheet Metal and all other repairs must be made with Original Equipment Manufacturer parts. Discuss this requirement with Your insurance company prior to authorizing any collision repair work.

**24. VEHICLE INSURANCE** You must insure the Vehicle and the Holder as set forth in this lease under Item 14, "Vehicle Insurance Minimums." If the state where You title/register the Vehicle establishes higher Vehicle Insurance Minimums than those listed in this lease, You must insure the Vehicle and Holder at the amounts required by Your state. If You move to a state where Finance Company has established higher Vehicle Insurance Minimums than those listed in this lease, You must insure the Vehicle and Holder for these higher amounts. These amounts are minimum requirements and may not be sufficient to protect Your assets. You should consult Your insurance advisor to determine if additional insurance coverage is right for You.

You agree that Finance Company can file a claim under the insurance policy. You authorize the insurance company to provide Finance Company any information Finance Company believes necessary to make a claim. You agree that Finance Company may receive and sign Your name on any checks or drafts received by Finance Company from Your insurance provider. In addition, You authorize Finance Company to settle or release any claim under the insurance related to Holder's ownership of the Vehicle. You also assign to Holder any other insurance proceeds related to this lease or Holder's interest in the Vehicle.

**25. RETURNED INSURANCE PREMIUMS AND SERVICE CONTRACT CHARGES** This lease may contain charges for insurance, service contracts, or other contracts. You agree that Finance Company can claim benefits under these contracts. Unless prohibited by law, Finance Company may upon default or termination cancel these contracts to obtain refunds of unearned charges. You authorize Finance Company to subtract any refund from the amount You owe under this lease. If You receive a refund, You must pay the entire amount of the refund to Finance Company.

## ENDING YOUR LEASE

**26. TERMINATION** This lease will terminate (end) upon (a) the end of the term of this lease, (b) the return of the Vehicle to Lessor, or another place designated by Finance Company, and (c) the payment by You of all amounts owed under this lease. Finance Company may cancel this lease if You default.

**27. RETURN OF VEHICLE** If You do not buy the Vehicle at lease end, You must return it to Lessor unless Finance Company specifies another place. Prior to the scheduled return of the Vehicle, You may be requested to present the Vehicle for inspection at a reasonable time and location. **Upon return of the Vehicle, You must pay the disposition fee, if any is shown in this lease under Item 3 "Other Charges."** If You fail to return the Vehicle within 10 days after Your scheduled termination date, You will be charged one Monthly Payment and Your term will be extended one month. If You continue to fail to return the Vehicle You must pay damages to Finance Company, including amounts payable under default. Payment of these amounts will not allow You to keep the Vehicle.

**28. STANDARDS FOR EXCESS WEAR AND USE** You are responsible for all repairs to the Vehicle that are not the result of normal wear and use. These repairs include, but are not limited to those necessary to repair or replace: (a) **Tires** that have sidewall damage/plugs, exposed cords/belts, or are unmatched for Vehicle or unsafe; (b) **Electrical or Mechanical** defects or malfunctions; (c) **Glass, Paint, Body Panels, Trim and Grill Work** that are broken, mismatched, chipped, scratched, pitted, cracked, or if applicable, dented; (d) **Interior** rips, stains, burns or damaged areas; (e) **Replacement** of any missing equipment or parts that were in or on the vehicle when delivered; and (f) **All Damage** which would be covered by collision or comprehensive insurance whether or not such insurance is actually in force. Replacement of Sheet Metal and all other repairs must be made with Original Equipment Manufacturer parts. Your use or repair of the Vehicle must not invalidate any warranty. If You have not had the repairs made before the Vehicle is returned at the scheduled end of this lease, You will pay the estimated costs of such repairs, even if the repairs are not made prior to Holder's sale of the Vehicle. You will maintain the **Odometer** of the Vehicle so that it always reflects the Vehicle's actual mileage. If the odometer is at any time inoperative, You will provide us with reasonable evidence of the Vehicle's actual mileage at vehicle return. If You are unable to do so, You will pay us our estimate of any reduction of the Vehicle's wholesale value caused by the inability to determine the Vehicle's actual mileage. You may obtain, at Your own expense, a professional appraisal from an independent third party agreeable to Finance Company of the amount required to repair and replace parts or the amount which the excess wear and use reduces the value of the vehicle. This appraisal shall be final and binding on You and Finance Company.

This is a Copy of the Customer Completed signed electronic form held by RouteOne LLC.

29. **VOLUNTARY EARLY TERMINATION AND RETURN THE VEHICLE** You may terminate this lease early, if You are not in default, by returning the Vehicle to Lessor unless Finance Company designates another place. You must pay the following: (a) the amount by which the Unpaid Adjusted Capitalized Cost exceeds the Vehicle's Fair Market Wholesale Value, plus (b) all other amounts then due under the lease (except for excess wear and use and mileage). If You entered an *Advance Payment Lease* and the Vehicle's Fair Market Wholesale Value exceeds the Unpaid Adjusted Capitalized Cost, You will receive a credit for the difference.

    Alternatively, You may choose to satisfy Your financial obligation under this section upon Vehicle return if You pay the following: (a) the unpaid remaining Monthly Payments, plus (b) any charges for excess wear and use and mileage, plus (c) all other amounts then due under the lease.

30. **VOLUNTARY EARLY TERMINATION AND PURCHASE THE VEHICLE** You may purchase the Vehicle from the Lessor or a party designated by Finance Company at any time if You are not in default. If You have a *Monthly Payment Lease*, you must pay the following: (a) the Unpaid Adjusted Capitalized Cost, plus (b) the amount by which the lease end purchase option price (Item 10) exceeds the Residual Value (Item 7d), plus (c) official fees and taxes, plus (d) all other amounts then due under this lease (except charges for excess wear and use and mileage. You may also be charged a reasonable documentary fee if allowed by law. If You have an *Advance Payment Lease*, you must pay the following: (a) the lease end purchase option price (Item 10) less (b) any unearned Rent Charges, plus (c) official fees and taxes, plus (d) all other amounts then due under this lease (except charges for excess wear and use and mileage). You may also be charged a reasonable documentary fee if allowed by law.

31. **DEFINITION OF TERMS**
    *Unpaid Adjusted Capitalized Cost* If You have a Monthly Payment Lease, the Unpaid Adjusted Capitalized Cost is an amount that starts with the Adjusted Capitalized Cost and is reduced each month on the due date by the difference between the Base Monthly Payment and the part of the Rent Charge earned in that month on an actuarial basis.

    If You have an *Advance Payment Lease*, the Unpaid Adjusted Capitalized Cost is an amount that starts with the Adjusted Capitalized Cost less the Base Payment. This amount is increased each month on the due date by the part of the Rent Charge earned in that month on an actuarial basis.

    In both cases, rent charges are earned when due. Lessor or Finance Company will provide You with an explanation of the actuarial method upon request.

    *Fair Market Wholesale Value* will be: (a) an amount agreed to by You and Lessor or Finance Company, or (b) the value which could be realized at the wholesale sale of the Vehicle, as determined by a professional appraisal obtained by You at Your expense within 10 days from termination from an independent third party agreeable to Finance Company, or (c) if not established by agreement or appraisal, the net amount received by Finance Company. Holder or its designated intermediary upon the sale of the Vehicle at wholesale or other commercially reasonable manner.

    *Monthly Payment* If You have a *Monthly Payment Lease*, Monthly Payment is the Total Payment (Item 7m). If You have an *Advance Payment Lease*, Monthly Payment is the Total Payment (Item 7m) divided by the Lease Term in Months (Item 7n).

    *Base Monthly Payment* If You have a *Monthly Payment Lease*, Base Monthly Payment is the Base Payment (Item 7i). If You have an *Advance Payment Lease*, Base Monthly Payment is the Base Payment (Item 7i) divided by the Lease Term in Months (Item 7n).

32. **CONTACT NUMBER FOR FINANCE COMPANY** Please contact Finance Company at the telephone number or website listed in this lease if You have any questions regarding terminating Your lease or purchasing the Vehicle.

33. **YOUR ODOMETER OBLIGATIONS** Federal law requires You to complete a statement of the Vehicle's mileage at the end of this lease. You may be fined and/or imprisoned if you do not complete the disclosure or if you make a false statement.

### DEFAULT AND LOSS OF VEHICLE

34. **DEFAULT** You will be in default if: (a) You fail to make any payment when due, or (b) a bankruptcy petition is filed by or against You, or (c) any governmental authority seizes the Vehicle and does not promptly and unconditionally release the Vehicle to You, or (d) You have provided false or misleading material information when applying for this lease, or (e) You fail to keep any other agreement in this lease.

    If You do not cure the default where allowed by law, Finance Company may cancel this lease, take back the Vehicle and sell it at a public or private sale. You also give Finance Company the right to go on Your property to peacefully retake the Vehicle.

    If Finance Company retakes the Vehicle, You must pay at once: (a) the difference, if any, between the Unpaid Adjusted Capitalized Cost and the value which could be realized at the wholesale sale of the Vehicle, plus (b) any other amounts due under the lease. If You entered into an *Advance Payment Lease*, You will be given a credit for the Remaining Monthly Payments.

    The value which could be realized at the wholesale sale of the Vehicle will be: (a) the net amount received by Finance Company upon the sale of the vehicle at wholesale or (b) as determined by a professional appraisal obtained by You at Your expense within 10 days from default, from an independent third party agreeable to Finance Company. You must also pay all expenses, including reasonable attorney's fees, payable by Finance Company to obtain, hold and sell the Vehicle, collect amounts due and enforce Holder's rights under this lease. You authorize Finance Company to cancel Your insurance and apply any proceeds to Your obligation.

35. **THEFT OR DESTRUCTION OF VEHICLE** If the Vehicle is stolen or destroyed, the amount You owe will depend upon whether You had the required insurance in effect and the claim for the Vehicle is fully honored. If the Finance Company does not receive the full insurance proceeds, You will pay to Finance Company the following: (a) the Unpaid Adjusted Capitalized Cost, plus (b) all other amounts then due under the lease (except charges for excess wear and use and mileage), less (c) any insurance proceeds received by the Finance Company.

    *GAP Waiver* If You had in effect the insurance required under this lease and Finance Company receives the full proceeds, You will not be required to pay the gap between the Unpaid Adjusted Capitalized Cost and the insurance proceeds. You will only be required to pay (a) any past due monthly payments, plus (b) the amount of the applicable insurance deductible, plus (c) all other amounts due under the lease. You will have no further obligations under this lease.

    If You entered a *Monthly Payment Lease*, You agree to continue to make your monthly payments until Finance Company receives payment of the full proceeds. If You entered an *Advance Payment Lease*, after any insurance proceeds are paid, You will receive a credit for the Remaining Monthly Payments.

### ADDITIONAL INFORMATION

36. **ASSIGNMENT AND ADMINISTRATION** When You and Lessor sign this lease, Lessor will assign it to Holder. Finance Company or a substitute will administer this lease. You must then pay, in U.S. funds, all amounts due under this lease to Finance Company. If Finance Company is not the Holder of this lease, Holder has appointed Finance Company as its agent. As agent for Holder, Finance Company has the power to act on Holder's behalf to administer, enforce, and defend this lease. If Lessor has agreed to repair or maintain the Vehicle, obtain any insurance or perform any other service, You will look only to the Lessor for these services.

37. **TAXES** You will promptly pay all fees, charges, and taxes relating to the lease or Vehicle (except for Lessor's or Holder's income taxes). You will pay these amounts even if they are assessed after lease end.

38. **TITLING** The Vehicle will be titled in the name of Holder. There may be a lienholder listed as well. You will register the Vehicle as directed by Finance Company. You will pay all license, title and registration costs.

39. **INDEMNITY** You will indemnify and hold harmless Lessor, Finance Company and Holder and their assigns from any loss or damage to the Vehicle and its contents and from all claims, losses, injuries, expenses and costs related to the use, maintenance, or condition of the Vehicle. You are responsible for promptly paying all fines and tickets, including parking tickets, imposed on the Vehicle or its driver. If both a Lessee and Co-Lessee signed this lease, each party is jointly and severally liable for the payment of these fines and tickets. If You do not pay, You will reimburse Finance Company and pay a $20 administration fee, unless prohibited by law, for every such fine, ticket, or penalty that must be paid on Your behalf.

40. **SECURITY DEPOSIT** Your security deposit may be used by Finance Company to pay all amounts that You fail to pay under this Lease. You will not receive any interest, profits or other earnings on Your security deposit(s).

41. **CONSUMER REPORTS** You authorize Finance Company and Holder to obtain consumer credit reports from consumer reporting agencies (credit bureaus) for any reason and at any time in connection with this lease.

42. **SERVICING AND COLLECTION** You agree that Lessor, Finance Company, Holder and their affiliates, agents and service providers may monitor and record telephone calls regarding your account to assure the quality of our service or for other reasons. You also expressly consent and agree that Lessor, Finance Company, Holder and their affiliates, agents and service providers may use written, electronic or verbal means to contact you. This consent includes, but is not limited to, contact by manual calling methods, prerecorded or artificial voice messages, text messages, emails and/or automatic telephone dialing systems. You agree that Lessor, Finance Company, Holder and their affiliates, agents and service providers may use any email address or any telephone number you provide, now or in the future, including a number for a cellular phone or other wireless device, regardless of whether you incur charges as a result.

43. **GENERAL** Except as otherwise provided by the law of the state where You reside, the law that will apply to this lease is the law of the state where the Lessor's place of business is, as set forth in this lease. If that law does not allow any of the agreements in this lease, the ones that are not allowed will be void. The rest of this lease will still be valid.

44. **ELECTRONIC RECORDS AND SIGNATURES AND CONVERSION TO PAPER** You agree to use electronic records and electronic signatures to document this lease. Your electronic signatures will have the same effect as signatures on a paper lease. There will be one authoritative copy of this lease. It will be the electronic copy in a document management system the Creditor designates for storing it. The Creditor may convert that authoritative copy to a paper original. The Creditor will do so by printing one paper copy marked "Original." This paper original will have your electronic signature on it. It will have the same effect as if you had signed it originally on paper.

This is a Copy of the Customer Completed signed electronic form held by RouteOne LLC.

## READ THIS ARBITRATION PROVISION CAREFULLY AND IN ITS ENTIRETY
## ARBITRATION

Arbitration is a method of resolving any claim, dispute, or controversy (collectively, a "Claim") without filing a lawsuit in court. Either you or Lessor/Finance Company/Holder ("us" or "we") (each, a "Party") may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration. Neither party waives the right to arbitrate by first filing suit in a court of law. Claims include but are not limited to the following: 1) Claims in contract, tort, regulatory or otherwise; 2) Claims regarding the interpretation, scope, or validity of this provision, or arbitrability of any issue except for class certification; 3) Claims between you and us, our employees, agents, successors, assigns, subsidiaries, or affiliates; 4) Claims arising out of or relating to your application for credit, this contract, or any resulting transaction or relationship, including that with the dealer, or any such relationship with third parties who do not sign this contract.

### RIGHTS YOU AND WE AGREE TO GIVE UP
If either you or we choose to arbitrate a Claim, then you and we agree to waive the following rights:

- RIGHT TO A TRIAL, WHETHER BY A JUDGE OR JURY
- RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR A CLASS MEMBER IN ANY CLASS CLAIM YOU MAY HAVE AGAINST US WHETHER IN COURT OR IN ARBITRATION
- BROAD RIGHTS TO DISCOVERY AS ARE AVAILABLE IN A LAWSUIT
- RIGHT TO APPEAL THE DECISION OF AN ARBITRATOR
- OTHER RIGHTS THAT ARE AVAILABLE IN A LAWSUIT

**RIGHTS YOU AND WE DO NOT GIVE UP:** If a Claim is arbitrated, you and we will continue to have the following rights, without waiving this arbitration provision as to any Claim: 1) Right to file bankruptcy in court; 2) Right to enforce the ownership interest in the vehicle, whether by repossession or through a court of law; 3) Right to take legal action to enforce the arbitrator's decision; 4) Right to request that a court of law review whether the arbitrator exceeded its authority; and 5) Right to seek remedies in small claims court for disputes or claims within that court's jurisdiction.

You or we may choose the American Arbitration Association, 1-800-778-7879 (www.adr.org), or any other organization subject to our approval, to conduct the arbitration. The applicable rules (the "Rules") may be obtained from the selected organization. If there is a conflict between the Rules and this contract, this contract shall govern. This contract is subject to the Federal Arbitration Act (9 U.S.C. § 1 et seq.). The arbitration decision shall be in writing with a supporting opinion. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. To the extent that the total of your filing, administration, service or case management fee and your arbitrator or hearing fee exceeds $200, we will pay the amount in excess of $200, unless you choose to pay one-half of the total or unless the fees are reallocated in the award under applicable law or the organization's rules.

Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. Any portion of this arbitration provision that is unenforceable shall be severed, and the remaining provisions shall be enforced. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this arbitration provision shall be unenforceable. The validity and scope of the waiver of class action rights shall be decided by the court and not by the arbitrator.

---

This is a Copy of the Customer Completed signed electronic form held by RouteOne LLC.

## SIGNATURES AND IMPORTANT NOTICES

**Modification:** This lease sets forth all of the agreements of Lessor and You for the lease of the Vehicle. There is no other agreement. Any change in this lease must be in writing and signed by You and Finance Company.

Lessee: CHRISTOPHER SCHREIBER

By: XC [signature]    Title: N/A    Date: 12/05/2016

Co-Lessee: N/A

By: XC    N/A    Title: N/A    Date: N/A

---

**YOU ACKNOWLEDGE THAT YOU HAVE READ AND AGREE TO BE BOUND BY THE ARBITRATION PROVISION IN THIS CONTRACT.**

---

**NOTICE:** (1) Do not sign this lease before You read it or if it has any blank space to be filled in, (2) You have the right to get a filled-in paper copy of this lease. You acknowledge that You received a filled-in paper copy of this lease at the time You electronically signed it and notice of an assignment of this lease by the Lessor to Holder.

**NOTICE: THE LESSEE AND THE LESSOR SHALL BE ENTITLED TO REVIEW THE CONTRACT FOR ONE BUSINESS DAY BEFORE SIGNING THE CONTRACT IMMEDIATELY ADJACENT TO THE SIGNATURE LINE OF THE CONTRACT. YOUR SIGNATURE CONFIRMS YOU HAD THIS OPPORTUNITY.**

Lessee: CHRISTOPHER SCHREIBER

By: XD [signature]    Title: N/A    Date: 12/05/2016

Co-Lessee: N/A

By: XD    N/A    Title: N/A    Date: N/A

---

Lessor and Lessee are hereby notified that Holder has assigned to QI Exchange, in its capacity as Holder's qualified intermediary, its rights (but not its obligations) with respect to the purchase of this Vehicle and the sale of this Vehicle at lease termination.
Lessor accepts this lease and assigns it to Holder under the terms of the lease plan agreement between Lessor and Holder.

Lessor: DFFLM LLC

By: XE [signature]    Title: Business Manager